IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
GONZALO ARAMBULA,                )    No. C 05-0933 CW (PR)
                                 )
          Plaintiff,             )
                                 )    ORDER DENYING AS MOOT
     v.                          )    MOTION TO AMEND COMPLAINT,
                                 )    DISMISSING ACTION, AND
J. TANGEN, Correctional Officer, )    DENYING IN FORMA PAUPERIS
ET AL.,                          )    STATUS
                                 )
          Defendants.            )    (Docket nos. 2, 6)
_____)
```

## BACKGROUND

Plaintiff Gonzalo Arambula is a prisoner of the State of California who is incarcerated at Salinas Valley State Prison (SVSP). He has filed this civil rights action under 42 U.S.C. § 1983 and seeks leave to proceed in forma pauperis. Venue is proper in this Court because the injuries complained of occurred in Monterey County, which is located within the Northern District of California. See 28 U.S.C. § 1391; 28 U.S.C. § 84.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of State law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Terracom v. Valley National Bank</u>, 49 F.3d 555, 558 (9th Cir. 1995) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). Pro se pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

## DISCUSSION

In his complaint and "Motion for Amended Complaint"[1] Plaintiff, who is a diabetic, asserts that on July 2, 2004, while in a wheelchair, he went to the SVSP medical clinic to obtain a blood sugar check. As appears to be his ongoing practice, he signed a medical refusal form, CDC Form 7225, refusing medical treatment (i.e., insulin). He alleges that correctional officer J. Tangen confiscated Plaintiff's copy of the refusal form by placing his hand on his pepper spray as an implied threat when taking the form. Plaintiff claims that confiscation of his copy violated his constitutional rights.

At second level review he was provided a copy of his form and offered review of his health records with the option of taking notes. He was told that he would have to pay for copies of his other forms, just like everyone else. No evidence of staff misconduct was found at the second or third levels of review.

Plaintiff wants to be provided with "every single copies of my

---

[1] A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. <u>See</u> Fed. R. Civ. P. 15(a). Accordingly, his motion is DENIED as moot.

2

refusals," a reprimand to Tangen and $100,000.

Plaintiff alleges that under State law he is entitled to free copies of his refusals to receive insulin treatment. Even if this is so, a violation of State law does not necessarily amount to a constitutional violation. The deprivation of a State created liberty interest occurs only where State statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, that is, give the inmate a kind of right to avoid it, and where the liberty in question is one of "real substance." See Sandin v. Conner, 515 U.S. 472, 477-87 (1995). In the latter scenario "real substance" generally will be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, or (2) State action that "will inevitably affect the duration of [a] sentence," id. at 487.

Recently, the Supreme Court clarified that "the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'" Wilkinson v. Austin, 125 S. Ct. 2384, 2394 (2005) (quoting Sandin, 515 U.S. at 484). This inquiry requires a factual comparison between conditions in the plaintiff's former status and his new status, examining the hardship caused by the challenged action in relation to the basic conditions of life as a prisoner. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). Under the rationale of Sandin and Wilkinson the Court finds that Plaintiff has no constitutional right to free photocopies of his refusal forms because the denial of any State created right to such

3

copies does not amount to a significant hardship in relation to the basic conditions of Plaintiff's life as a prisoner.

Plaintiff's allegation of staff misconduct rising to the level of an Eighth Amendment violation also is without merit. Even if Defendant Tangen did place his hand on his pepper spray, thereby leading Plaintiff to believe that Tangen was threatening him into giving up his refusal form, allegations of mere threats are not cognizable under § 1983. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

The Court finds that the allegations in Plaintiff's complaint and Motion for Amended Complaint fail to state a constitutionally cognizable claim for relief as a matter of law and that leave to amend would be futile.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The motion to amend the complaint is DENIED as moot. (Docket no. 6.)

2. The action is DISMISSED with prejudice and without leave to amend.

3. Leave to proceed in forma pauperis is DENIED.

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 11/9/05

CLAUDIA WILKEN
United States District Judge

4